# NO. 12-13-00332-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *SAMUEL EARL LEE, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Relator, Samuel Earl Lee, Jr., seeks a writ of mandamus directing the trial court to rule on his "11.05 habeas." We deny the petition.

## BACKGROUND

Relator alleges that on September 10, 2013, he filed an "11.05 Writ of Habeas Corpus Application."[1] The purpose of the application was to request a free copy of the trial record, or a loan of the record, for use in preparing a postconviction application for writ of habeas corpus. In response, he received a form for an "11.07 application for a Writ of Habeas Corpus" and a letter from the trial court clerk instructing that "[t]he form must be filled out properly and signed." Relator did not complete the form, and the record does not indicate that he had any further communication from the clerk.

---

[1] This is an apparent reference to Texas Code of Criminal Procedure, Article 11.05.

## AVAILABILITY OF MANDAMUS[2]

Generally, mandamus is appropriate in a criminal case when a relator shows that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is well settled that consideration of a motion that is "properly filed and before a court" is a ministerial act. *See, e.g.*, *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (op. on reh'g). Thus, in appropriate cases, mandamus may issue to compel a trial court to rule on a motion. *See In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.–Waco 2003, orig. proceeding). But to be entitled to mandamus relief for a trial court's failure to rule on a motion, a relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *Id.*

In this case, Relator has not established that the trial court was asked to rule on the motion or failed to do so after the request. And in light of the trial court clerk's response to Relator's "11.05 Writ of Habeas Corpus Application," there is at least a possibility that the "application" has not been called to the trial court's attention. Therefore, Relator has not shown that he is entitled to mandamus relief. Accordingly, we *deny* Relator's petition for writ of mandamus. All pending motions are overruled as moot.

SAM GRIFFITH
Justice

Opinion delivered September 24, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[2] Article 11.05 identifies the Texas courts that are empowered to issue or grant a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). It does not create a procedure for obtaining habeas relief. *See id.* Relator's conclusion to the contrary is misplaced. Generally, a request for a free record to be used in preparing a postconviction habeas application is made by motion. *See, e.g.*, *Poole v. State*, No. 14-14-00081-CR, 2014 WL 1268617, at *1 (Tex. App.–Houston [14th Dist.] Mar. 27, 2014, no pet.) (mem. op., not designated for publication) (attempted appeal from denial of motion to obtain free record for use in pursuing postconviction habeas relief); *In re Rodriguez*, No. 10-13-00201-CR, 2013 WL 3481950, at *1 (Tex. App.–Waco July 11, 2013, orig. proceeding). Therefore, we construe Relator's "11.05 Writ of Habeas Corpus Application" as a motion for a free record.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 24, 2014**

**NO. 12-13-00332-CR**

**SAMUEL EARL LEE, JR.,**
Relator
v.
**HON. CHRISTI J. KENNEDY**,
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **SAMUEL EARL LEE, JR**., who is the defendant in Cause No. 4-93-1229, pending on the docket of the 114th Judicial District Court of Smith County, Texas.  Said petition for writ of mandamus having been filed herein on November 1, 2013, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*